LUCY A. BARRON, and another, in equity,

*vs.*

CHARLES C. BURRILL, and others.

Hancock.    Opinion November 30, 1893.

*Corporation.    Creditor's Bill.    Unpaid Stock.    Date of Debt.    Abatement. Practice.    R. S., c. 46.*

Upon a creditor's bill against a shareholder of a corporation to enforce payment of unpaid stock, ownership of stock may be proved by payments therefor although no written subscription is produced.

Ownership of stock is none the less real because its usual evidence,— certificates of shares,— have not been issued.

The date when the plaintiffs' debt was contracted by the corporation is immaterial in this proceeding, it appearing that the defendants' ownership of

stock was prior thereto and continued until after suit was brought against the corporation and within one year before the defendant had transferred his stock.

*Held;* that one of the plaintiffs having died since the bringing of this bill, it has abated as to him; and that the survivor, being admitted to be the only party really interested in the judgment sought to be enforced,—the original plaintiffs being husband and wife,—may properly prosecute the bill.

*Held, also;* that the bill originally filed against four parties be sustained against one of the defendants and dismissed as against the other three, the plaintiff having moved to discontinue as to them.

See also *Barron* v. *Burrill, post,* p. 72.

ON REPORT.

Bill in equity, heard on bill, answers and proofs brought under R. S., c. 46, § § 44-48, to collect a judgment of the defendants, as stockholders of the Bar Harbor Land Company.

The bill was originally brought by Lucy A. Barron and George A. Barron, her husband, against the defendant, Burrill, and three others. The defendant, Burrill, answered and also replied as a special matter of defense that other parties, nearly eighty in number, were jointly liable and should have been joined as defendants in the bill. The plaintiffs subsequently moved to be allowed to discontinue their suit against the other defendants; and the death of George A. Barron having been suggested, the survivor asked leave to prosecute the suit as sole plaintiff.

It was admitted that Mrs. Barron was the sole owner of the property sold to the Bar Harbor Land Company and from which sale the cause of action arose upon which the above judgment was obtained. She was, therefore, the sole party interested in this suit.

The defendant, Burrill, contended that the motion to discontinue as to the other three defendants should not be allowed; that he never subcribed for or agreed to take more than one share of stock, and that the debt of the corporation was not contracted during his ownership of stock. He also claimed the right to offset a note of the corporation for $3500, which he held as a gift to him from the holder,— one Clark,—after this suit was brought.

The case including the motions for amendments was reported by the presiding justice to this court for determination.

*J. A. Peters, Jr.*, for plaintiff.

Counsel cited: *Barron* v. *Paine*, 83 Maine, 312; *Libby* v. *Tobey*, 82 Maine, 397; *Grindle* v. *Stone*, 78 Maine, 176; *Sampson* v. *Bowdoinham*, 36 Maine, 81; Cook on Stock, etc. §§ 5, 10, 753; *McAvity* v. *Lincoln P. & P. Co.* 82 Maine, 504; *Hawley* v. *Bremagin*, 33 Cal. 394; Morawetz Corp. § 258; *Hawes* v. *Anglo Saxon, etc. Co.* 101 Mass. 385; *Field* v. *Pierce*, 102 Mass. 261; *Braman* v. *Dowse*, 12 Cush. 228; *Furnas* v. *Durgin*, 119 Mass. 500; *Locke* v. *Homer*, 131 Mass. 93. Offset: *Price* v. *Tyson*, 3 Bland. Ch. 392, 22 Am. Dec. 284; *Russell* v. *Loring*, 3 Allen, 125; R. S., c. 46, § 48; *Swith* v. *Ewer*, 22 Pa. St. 116, (60 Am. Dec. 73,) and notes.

Amendments: *Hatch* v. *Dana*, 101 U. S. 885; *Hewett* v. *Adams*, 50 Maine, 276; Story Eq. Plead. 10th Ed. c. VII; § 361; *Maine Benefit* v. *Parks*, 81 Maine, 81.

*Charles P. Stetson*, for defendant.

The amendments should not be allowed. Bill should be brought against one or all, not part. R. S., c. 46, § 47; *Pratt* v. *Bacon*, 10 Pick. 123, 127; *Merchant's Bank* v. *Stephenson*, 7 Allen, 489, 491-494.

The liability sought to be enforced is a statutory liability, and in order to prevail, the plaintiff must bring his case within the statute by proving that he has a lawful and *bona fide* judgment against the corporation, based upon a claim in tort or contract or for any penalty recovered within two years next prior to this action; that the defendant subscribed for or agreed to take stock in the corporation and has not paid for the same as defined in c. 46, § 45; that the cause of action upon which his judgment against the corporation was founded was contracted during the defendant's ownership of such unpaid stock, and that the proceedings to obtain this judgment against the corporation were commenced during the defendant's ownership of such unpaid stock or within one year after its transfer was recorded in the books of the corporation. *Libby* v. *Tobey*, 82 Maine, 397.

The individual liability of members for the debt of a corporation is a departure from the established rules of law, and is founded solely upon grounds of public policy, depending entirely

upon express provisions of statute law. The defendant, if chargeable at all, is chargeable upon a statute liability as having subscribed for or agreed to take stock in said corporation and who has not paid for the same. The contract was not made with him or on his account. There was no contract, express or implied, between him and the plaintiff; such liability is therefore to be construed strictly and not extended beyond the limits to which it is plainly carried by such provisions of the statute. *Libby* v. *Tobey, supra,* 404.

Burrill, defendant, was the owner of one share of the corporation. He never subscribed for or agreed to take any other stock. Made no subscription or agreement with the company.

Plaintiff cannot maintain his bill unless there was such a contract between him and the corporation as would sustain an action by the corporation against him for unpaid subscriptions. There is no evidence in the case which would sustain an action against Burrill by the corporation for unpaid subscriptions — no evidence of a subscription or agreement on his part to take or pay for stock.

No stockholder is liable for the debts of the corporation not contracted during his ownership of such unpaid stock.

The debt was not contracted during the ownership of stock by Burrill. If the debt was contracted June 14, 1887, at the time of deed of Barron to Bar Harbor Company, Burrill was not then the owner of any stock in said Company except one share. This is also true if debt was contracted at the maturity of the Burrill mortgage. By § 48, c. 46, it is provided that defendant in such suit may prove the invalidity of such judgment in any particular which could avail the corporation on a writ of error, or that said judgment was not *bona fide.*

The writ sets out that the defendant agreed to pay a certain mortgage, and to save plaintiffs harmless thereon, and alleges that defendant has never paid said mortgage, but it does not allege that plaintiff has paid the same or any part thereof, or that the plaintiff has been ousted by said mortgagee; it does not allege that plaintiff has sustained actual loss or injury, or has had to pay money to remove the incumbrance. Plaintiff

was entitled only to nominal damages until he removed the incumbrance or was ousted. 3 Wash. R. P. 421 ; *Prescott* v. *Trueman,* 4 Mass. 627.

SITTING : LIBBEY, EMERY, FOSTER, HASKELL, WHITEHOUSE, JJ.

HASKELL, J. Creditor's bill against the shareholder of a corporation for unpaid stock.

The books of the corporation show the par value of the shares to be $5 and that defendant paid "on acct. stock" June 8, 1887, $500, August 25, $200 and September 28, $300, in all $1000. The certificates had not been issued. On October 16th following, Burrill directed the treasurer to issue the stock standing "to my credit on your books, not issued," to B. T. Sowle. In pursuance of that order, November 10, 1888, Burrill receipts for 400 shares in the form, "C. C. Burrill by E. F. Brewer," and on the same day Sowle in the same form, "B. T. Sowle by E. F. Brewer," receipted for the transfer of the same. So it appears that 400 shares were owned by Burrill at the time the credits were entered upon the books of the corporation for money paid "on acct. stock." The first credit was June 8, 1887, and of course on that day Burrill had taken the 400 shares. The evidence in the case shows a prior understanding that he should take that number of shares, although no written subscription is produced.

On May 27, 1887, it was voted by the directors, the defendant, president of the corporation and one of the incorporators, being present, "to allow each incorporator to purchase an amount of stock not to exceed $2000 at ($2.50) two and one half dollars per share." Again, on June 9, "voted to instruct Clark to notify the incorporatory who have not already signed for preferred stock to do so on or before June 13." The first payment of Burrill for his stock was on June 8th. He therefore must have signed for his stock prior to that date, for he hardly would have paid $500 "on acct. stock" that he had not agreed to take. He paid for the 400 shares at the price fixed by the directors, although

some of the incorporators evidently had not, for it was voted on October 5th "that the incorporators pay the balance due on the incorporatory stock on or before January 1, 1888." Burrill's ownership of the stock was none the less real because the usual evidence of ownership — certificates of shares — had not been issued. He, therefore, became liable to pay the balance of their par value, viz. $1000.

The plaintiff's debt arose from a covenant by the corporation made June 14, 1887, to save the plaintiff harmless from the payment of a mortgage before that time given to another on a parcel of land that day conveyed by her to the corporation. That mortgage debt fell due December 3, 1887. Whether the plaintiff's debt was "contracted" by the corporation June 14th or December 3d, 1887, is immaterial, for the defendant's ownership of stock began before the first date and continued until after the last. He transferred his stock November 10, 1888; suit was brought against the corporation April 15, 1889, within one year thereafter. The defendant, Burrill, is liable, therefore, to the plaintiff for $1000 due on unpaid stock with interest from the bringing of this bill, as there is no proof of any sums due him from the corporation, that may properly be credited to him as payment for the stock, above the cash items already mentioned.

One of the plaintiffs died since the bringing of this bill, and the same has abated as to him. The survivor, being the only party really interested in the judgment sought to be enforced, may properly prosecute this bill to enforce the same.

The bill was originally filed against the defendant Burrill and Alley Bros., Nash and one Holmes. Each of the four defendants severally answered the bill, and plaintiff moved below to discontinue against the last three, which motion was opposed by Burrill and not there decided, but reported for consideration here. The bill must be sustained against Burrill with costs, but dismissed as to the other defendants with costs for each one to the time of motion to discontinue as to them.

*Decree accordingly.*